## IN THE UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF TEXAS
## DALLAS DIVISION

| | | |
|---|---|---|
| JOSHUA DEUNTE CALDWELL, | § | |
| Movant, | § | |
| | § | No. 3:19-cv-2879-K |
| | § | No. 3:14-cr-340-K-2 |
| | § | |
| UNITED STATES OF AMERICA, | § | |
| Respondent. | § | |

## MEMORANDUM OPINION AND ORDER

Movant Joshua Deunte Caldwell filed this motion to vacate, set-aside, or correct sentence under 28 U.S.C. § 2255. The issues have been fully briefed, and the matter is now ripe for ruling. For the following reasons, the Court GRANTS Caldwell's motion.

### I.

On July 12, 2016, Caldwell pleaded guilty to counts one and two of the third superseding indictment pursuant to a written plea agreement. (CR doc. 161.) In counts one and two, Caldwell was charged with conspiracy to interfere with commerce by robbery, in violation of 18 U.S.C. § 1951(a) (count one); and using, carrying, and brandishing a firearm during and in relation to and possessing and brandishing a firearm in furtherance of a crime of violence, in violation of 18 U.S.C. § 924(c)(1)(A)(ii) (count two). (CR doc. 341.)

At Caldwell's sentencing hearing, held on June 7, 2017, he was sentenced to a total term of 108 months' imprisonment. (CR docs. 336; 341 at 2.) He received 24

months' imprisonment on count one and 84 months' imprisonment on count two, with the terms to run consecutively for a total aggregate term of 108 months' imprisonment. (*Id.*)  He was also ordered to pay restitution in the amount of $370,718.72.  (*Id.* at 6.) Caldwell did not appeal to the Fifth Circuit Court of Appeals.

On November 19, 2019, Caldwell filed a *pro se* motion, which was construed as a § 2255 motion.  (CR doc. 757; CV doc. 1.)   In his handwritten filing, he requested the appointment of counsel.  (CV doc. at 1.)  Caldwell also noted that he was aware of the Supreme Court's ruling in *United States v. Davis*, 139 S. Ct 2319 (2019), and he claimed the *Davis* case is "similar" to his case because he was also "charged with the residual clause which is conspiracy to interfere with interstate commerce by robbery." (*Id.*)

The Court granted Caldwell's request for appointed counsel on December 4, 2019.  (CV doc. 2.)  On May 7, 2020, Caldwell, through counsel, filed an amended § 2255 motion.  (CV doc. 5.)  In his amended motion, Caldwell challenges his § 924(c) conviction under the Supreme Court's decision in *Davis*, 139 S. Ct. at 2319.  In *Davis*, the Supreme Court found the residual clause of the "crime of violence" definition contained in 18 U.S.C. § 924(c)(3)(B) was unconstitutionally void for vagueness. Caldwell argues that his conspiracy to commit Hobbs Act robbery under § 1951(a) cannot be a crime of violence under § 924(c) because it does not have as an element the use, attempted use, or threatened use of physical force under § 924(c)(3)(A).  The Supreme Court's holding in *Davis* applies retroactively to cases on collateral review.

2

*United States v. Reece*, 938 F.3d 630, 634-35 (5th Cir. 2019).

In the Government's response, filed on August 6, 2020, it argues that Caldwell's § 2255 motion, as amended, should be denied for two reasons. First, Caldwell is procedurally barred from challenging the constitutionality of his conviction and sentence because he did not raise the argument on direct appeal, and he has not shown excusable cause for the failure. Second, Caldwell's *Davis* claim is barred by the appellate-rights waiver in his plea agreement. (CV doc. 13.)

II.

1.      Caldwell's procedural default is excused.

It is well settled that a collateral challenge may not take the place of a direct appeal. *United States v. Shaid*, 937 F.2d 228, 231-32 (5th Cir. 1991). "A defendant can challenge his conviction after it is presumed final only on issues of constitutional or jurisdictional magnitude . . . and may not raise an issue for the first time on collateral review without showing both 'cause' for his procedural default, and 'actual prejudice' resulting from the error." *Id.* at 232.

In this case, Caldwell is raising his *Davis* claim for the first time on collateral review, but his procedural default is excused because he has demonstrated cause and actual prejudice. With respect to cause, his *Davis* claim "is so novel that its legal basis [was] not reasonably available to counsel" and it therefore may constitute cause to excuse procedural default. *Bousley v. United States*, 523 U.S. 614, 622 (1998) (quoting *Reed v. Ross*, 468 U.S. 1, 16 (1984)). The proper determination is whether the claim

is "novel" for purposes of establishing cause for procedural default, and the inquiry is "not whether subsequent legal developments have made counsel's task easier, but whether at the time of the default the claim was 'available' at all." *Smith v. Murray*, 477 U.S. 527, 537 (1986).

In June 2017, when Caldwell could have filed a direct appeal, *Davis* had not been decided.  In fact, the Supreme Court's decision in *Davis* was not handed down until June 24, 2019.  The Court finds that a vagueness challenge to § 924(c)(3)(B) was indeed "novel" at that time.  *See Dugger v. Adams*, 489 U.S. 401, 409-10 (1989) (noting that a claim is not novel where "the legal basis for a challenge was plainly available"); *see also Frizzell v. Hopkins*, 87 F.3d 1019, 1021 (8th Cir. 1996) ("If the tools were available for a petitioner to construct the legal argument at the time of the state appeals process, then the claim cannot be said to be so novel as to constitute cause for failing to raise it earlier.") (citation and internal quotation marks omitted).  As for prejudice, Caldwell has shown that but for the unconstitutionally vague definition of crime of violence under the residual clause of § 924(c)(3)(B), he would not have been convicted and sentenced on count two of the third superseding indictment.  He has therefore established prejudice.

In sum, Caldwell's procedural default is excused by cause and prejudice on the basis that his *Davis* claim was not reasonably available to him when he could have filed a direct appeal in June 2017.  (CR doc. 341.)  *See United States v. Branch*, 2020 WL 6498968, at *2-*3 (N.D. Cal. Nov. 3, 2020) (finding that the procedural default of the

4

void-for-vagueness claim was excused by cause and prejudice); *Ellis v. United States*, 2020 WL 6382926, at \*3 (E.D. Wis. Oct. 30, 2020) (finding that the procedural default should be excused because *Davis* was decided after the petitioner was sentenced, and the decision came down after petitioner's deadline to file his direct appeal); *Jacques v. United States*, 2020 WL 5981655, at \*4 n.2 (E.D.N.Y. Oct. 8, 2020) ("The Court finds that there was no procedural default in failing to raise a [*Davis*]-type argument before [*Davis*] was decided.").

2.   <u>Caldwell's post-conviction waiver is not enforceable under the miscarriage of justice exception.</u>

A collateral review waiver is generally enforced where the waiver "was knowing and voluntary, and if the waiver applies to the circumstances at hand." *United States v. Walters*, 732 F.3d 489, 491 (5th Cir. 2013) (citing *United States v. Bond*, 414 F.3d 542, 544 (5th Cir. 2005)). The Fifth Circuit has recognized exceptions to this general enforcement rule where a movant raises a claim of ineffective assistance of counsel or a sentence exceeds the statutory maximum. *United States v. Barnes*, 953 F.3d 383, 389 (5th Cir. 2020).

Although the Fifth Circuit has declined to explicitly adopt or reject a miscarriage of justice exception to enforcement of a post-conviction waiver, *id.* (citing *United States v. Ford*, 688 F. App'x 309, 309 (5th Cir. 2017) (per curiam)), the Court finds a miscarriage of justice exception is appropriate in this case. As the Supreme Court has recognized, a conviction and punishment for an act that the law does not criminalize, "inherently results in a complete miscarriage of justice" and "presents exceptional

circumstances that justify collateral relief under § 2255." *Davis v. United States*, 417 U.S. 333, 346-47 (1974).  The Fifth Circuit has also declined to enforce an appellate waiver where, "as a matter of law, the indictment itself affirmatively reflects that the offense sought to be charged was not committed."  *United States v. White*, 258 F.3d 374, 380 (5th Cir. 2001).  The Court stated, "[t]he government cites no authority, and we are aware of none, that holds that a defendant can waive his substantive right 'to be free of prosecution under an indictment that fails to charge an offense.'" *Id*. (quoting *United States v. Meacham,* 626 F.2d 503, 509-10 (5th Cir.1980)).

In this case, count two of the third superseding indictment charged Caldwell with using, carrying, and brandishing a firearm during or in relation to and possessing and brandishing a firearm in furtherance of a crime of violence.  (CR doc. 56.)  The underlying crime of violence was conspiracy to interfere with robbery, in violation of 18 U.S.C. § 1951(a), as alleged in count one of the third superseding indictment.  The indictment therefore failed to charge an offense under § 924(c). Moreover, other jurisdictions have also found that a post-conviction waiver does not foreclose a movant's challenge to his § 924(c) conviction under *Davis*.  *See Bonilla v. United States*, 2020 WL 489573, at *3 (E.D.N.Y Jan. 29, 2020) (granting a § 2255 motion and vacating a § 924(c) conviction based on *Davis* despite the presence of a post-conviction waiver); *United States v. Brown*, 415 F. Supp.3d 901, 906-07 (N.D. Cal. Nov. 8, 2019) (granting § 2255 motion challenging § 924(c) conviction based on *Davis* and concluding that petitioner's collateral-review waiver could not be enforced).

Caldwell was convicted under an indictment that did not charge a valid offense with respect to count two of the third superseding indictment, and he is therefore actually innocent of the offense charged in count two. Accordingly, under these circumstances, the miscarriage of justice exception applies, and Caldwell's collateral-review waiver is not enforceable.

3.    Caldwell is entitled to relief on his § 924(c) conviction.

The Court finds that Caldwell's post-conviction waiver is not enforceable, and he did not procedurally default his *Davis* claim. The Court now considers the merits of his § 2255 motion. Caldwell's conviction for conspiracy to interfere with commerce by robbery under § 1951(a), charged in count one of the third superseding indictment, is not a crime of violence. *See United States v. Lewis*, 907 F.3d 891, 894-95 (5th Cir. 2018) (holding that conspiracy to commit Hobbs Act robbery cannot serve as the underlying crime of violence for a § 924(c) conviction); *see also Reece*, 938 F.3d at 636 ("[C]onspiracy is a crime distinct from the crime that is the objective of the conspiracy. To convict [the movant] of conspiracy to commit bank robbery, the government was not required to prove any element regarding the use, attempted use, or threatened use of physical force. Therefore, [the movant's] conviction for conspiracy to commit bank robbery cannot be a [crime of violence] under § 924(c)(3)'s elements clause.") (footnote omitted). For these reasons, Caldwell is entitled to relief.

III.

For the foregoing reasons, the Court GRANTS Caldwell's motion to vacate, set-aside, or correct sentence and VACATES his conviction and sentence for using, carrying, and brandishing a firearm during and in relation to and possessing and brandishing a firearm in furtherance of a crime of violence in violation of 18 U.S.C. § 924(c) under count two of the third superseding indictment.  The Court will enter an order in the criminal case setting a schedule for resentencing, and that order will provide deadlines for any additional submissions from U.S. Probation or the parties.

SO ORDERED.

Signed February 8th, 2021.


_Ed Kinkeade_

ED KINKEADE
UNITED STATES DISTRICE JUDGE